UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
CLIFTON HALSEY,

                       Plaintiff,                      **MEMORANDUM & ORDER**
                                                           17-CV-2935 (MKB)

                       v.

PHYSICIAN SHPITZ, LPN STEWART,
NEW YORK CITY HEALTH & HOSPITAL
CORP., and the CITY OF NEW YORK,

                       Defendants.
-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

        Plaintiff Clifton Halsey, proceeding *pro se*, filed the above-captioned action on November 23, 2016, and an Amended Complaint on April 3, 2017, in the Southern District of New York, against Defendants Physician Shiptz, Licensed Nurse Practitioner Stewart,[1] New York City Health and Hospital Corp. ("HHC"), and the City of New York (the "City"), pursuant to 42 U.S.C. § 1983.[2] (Compl., Docket Entry No. 1; Am. Compl., Docket Entry No. 6.) Plaintiff alleges that Defendants violated his constitutional rights by being deliberately indifferent to his serious injuries. (Compl. 4–5.) For the reasons discussed below, the Court dismisses Plaintiff's claims against the City. Plaintiff's claims against Physician Shpitz and Nurse Stewart shall proceed.

---

    [1] Plaintiff has not identified the first name of Defendants Shiptz and Stewart.

    [2] By Order dated May 4, 2017, the United States District Court for the Southern District of New York transferred this action to the Eastern District of New York. (Transfer Order dated May 4, 2017, Docket Entry No. 7.) Prior to transferring the case, the Southern District of New York granted Plaintiff's application to proceed *in forma pauperis*, and also granted him leave to file an amended complaint, which he did on April 3, 2017. (Docket Entry Nos. 4, 5.)

**I. Background**

The Court assumes the truth of the factual allegations in the Amended Complaint for the purposes of this Memorandum and Order. In light of Plaintiff's *pro se* status, the Court also considers and assumes the truth of the factual allegations in the two letters Plaintiff submitted in support of the Amended Complaint.[3]

Plaintiff's claim arises from the injuries he received when he slipped and fell while being held at the Brooklyn Detention Complex. (Compl. 2.)[4] Plaintiff alleges that Defendant Shpitz and Stewart did not document his true injuries, (*id.*), and were deliberately indifferent to his serious injuries, (Am. Compl. 4). Plaintiff seeks, among other relief, $1,000,000 in damages. (*Id.* at 5.)

**II. Discussion**

    **a. Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained

---

[3] *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (finding that district courts may consider factual allegations made by a *pro se* party in his papers opposing a motion to dismiss); *see also Trisvan v. Heyman*, 305 F. Supp. 3d 381, 389 (E.D.N.Y. 2018) (same); *Waters v. Douglas,* No. 12-CV-1910, 2012 WL 5834919, at *2 (S.D.N.Y. Nov. 14, 2012) ("[I]n light of the plaintiff's *pro se* status, the Court has considered all of plaintiff's submissions, drawing every reasonable inference in his favor.").

[4] The Court refers to both the Complaint and the Amended Complaint as Plaintiff did not reallege in the Amended Complaint some of the factual allegations made in the Complaint. In addition, because the pages of the Complaint, Amended Complaint, and the two additional letters submitted by Plaintiff are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

b. **Section 1983 claims against the City**

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To sustain a claim for relief under section 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

A municipality, like the City of New York, can be liable under section 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d

3

Cir. 2007)). In general, proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless a plaintiff can establish that the incident occurred pursuant to one of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick*, 757 F.3d at 62 (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions).

Plaintiff does not allege any unconstitutional policy or custom that would confer municipal liability. (*See* Compl.; Am. Compl.) Accordingly, the Court dismisses Plaintiff's section 1983 claims against the City for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Conclusion

For the reasons set forth above, the Court dismisses Plaintiff's claims against the City of New York. No summons shall issue as to this Defendant and the Court directs the Clerk of Court to amend the caption to reflect the dismissal of this Defendant.

Plaintiff's claims against HHC, Physician Shpitz, and Nurse Stewart shall proceed. The Court directs the United States Marshal Service to serve the Summonses, Complaint, Amended

Complaint, and this Memorandum and Order upon these Defendants without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York. The Clerk of Court shall send a copy of this Memorandum and Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: July 25, 2018
      Brooklyn, New York