UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CLIFTON HALSEY,

                    Plaintiff,                    **REPORT & RECOMMENDATION**
                                                        17 CV 2935 (MKB)(LB)

   -against-

NYC HEALTH AND HOSPITAL CORP.,
PHYSICIAN SHPITZ, and LPN STEWART,

                    Defendants.
---------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff brings this *pro se* action alleging his constitutional rights were violated pursuant to 42 U.S.C. § 1983. See Mem. & Order 1-3, ECF No. 14. Plaintiff alleges, *inter alia*, that defendants were deliberately indifferent to his serious injuries after he slipped and fell at the Brooklyn Detention Complex. Mem. & Order 1-2; Am. Compl., ECF No. 6. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

      Plaintiff commenced this action *pro se* on November 23, 2016, was granted leave to proceed *in forma pauperis*, and filed an Amended Complaint on April 3, 2017, in the United States District Court for the Southern District of New York. Mem. & Order 1. On May 4, 2017, the action was transferred from the Southern District to the Eastern District of New York. Transfer Order, ECF No. 7. On July 25, 2018, the Honorable Margo K. Brodie dismissed plaintiff's claims against the City of New York, but permitted plaintiff's claims against defendants NYC Health + Hospitals (f/k/a New York City Health and Hospitals Corporation or "HHC"), Physician Shpitz,

1

and Nurse Stewart to proceed. Mem. & Order 4. On August 24, 2018, defendants were granted an extension of time to respond to plaintiff's complaint. Electronic Order 8/24/2018.

The Court had been mailing its Orders to plaintiff at the Manhattan Detention Complex. See, e.g., Dkt. Entry 5/8/2017. However, by letter dated August 13, 2017, with a return address of 219 East 121st Street, c/o Odyssey House, New York, New York, 10035, see ECF No. 12-1, plaintiff informed the Court that he was no longer incarcerated. ECF No. 12 at 1; see also ECF No. 13-1 (envelope with same return address). Accordingly, the Court began sending mail to plaintiff at 219 East 121st Street.

After copies of the Court's Orders, dated July 25, 2018, and August 24, 2018, which were mailed to plaintiff on July 27, 2018, and August 24, 2018, respectively, were returned as undeliverable, see ECF Nos. 17, 19, the Court Ordered plaintiff to write to the Court to provide an address where he could receive mail by October 16, 2018. Sept. 25, 2018, Ct. Order, ECF No. 25. Plaintiff was warned that failure to maintain a current address with the Court provides a sufficient ground to dismiss a case without prejudice and was reminded that it is plaintiff's obligation to notify the Court regarding his current contact information. See id. On October 23, 2018, plaintiff filed a notice of his change of address, stating that his current address was 717 Snediker Ave., Brooklyn, New York, 11207, and provided a telephone number. See ECF No. 29. Accordingly, a copy of the Court's September 25, 2018, Order was re-sent to plaintiff at the 717 Snediker Avenue address on October 24, 2018.[2]

---

[2] A copy of Judge Brodie's September 20, 2018, Order was also re-sent to plaintiff at the 717 Snediker Avenue address on October 24, 2020.

2

The Court set the initial conference on February 13, 2020, ECF No. 31,[3] and on February 14, 2020, the Clerk of Court mailed the Court's scheduling Order to plaintiff at 717 Snediker Avenue, the address listed on plaintiff's notice of change of address, ECF No. 29. Mar. 9, 2020, Ct. Order, ECF No. 34. The Court held the initial conference in this action on March 5, 2020.[4] Id. Attorney Joseph Shmulewitz timely appeared in Court on behalf of defendants. Id. The Court made defendants' counsel wait forty-five (45) minutes past the time when the conference was scheduled to start; however, plaintiff failed to appear at the conference. Id. Plaintiff did not contact the Court or defendants' counsel to request an adjournment of the conference.[5] Id.

After a copy of the Court's February 13, 2020, Order, that was mailed to plaintiff at 717 Snediker Avenue was returned as undeliverable, ECF No. 38,[6] the Court ordered plaintiff to write to the Court to provide an address where he can receive mail by June 30, 2020.[7] May 5, 2020, Ct. Order, ECF No. 40. The Court warned plaintiff that if he failed to respond to the Court's Order by June 30, 2020, I would assume that he had abandoned this action and I would recommend that this case should be dismissed. Id. On May 6, 2020, the Clerk of Court mailed the Court's Order

---

[3] The Court scheduled the initial conference after defendants failed to submit a proposed briefing schedule for their anticipated motion to dismiss and then failed to file a motion to dismiss. See Electronic Order 5/14/2019; Electronic Order 06/14/2019; ECF No. 31.

[4] At the March 5, 2020, conference, defendants' deadline to respond to plaintiff's complaint was stayed *nunc pro tunc*. Mar. 9, 2020, Ct. Order, ECF No. 34. The Court also scheduled another conference for April 6, 2020, to give plaintiff another chance to timely appear. Id. The Court subsequently adjourned the April 6, 2020, in-person conference *sine die* in light of the public health emergency regarding COVID-19. Mar. 17, 2020, Ct. Order, ECF No. 35. Defendants' counsel advised plaintiff of the adjournment by certified mail, sending letters to plaintiff at his 219 East 121st Street address. See ECF Nos. 36-37. In addition, the Court mailed a copy of the Court's March 17, 2020, Order to plaintiff at 717 Snediker Avenue via first class mail on April 10, 2020.

[5] On the morning of March 5, 2020, my law clerk also attempted to contact plaintiff at the phone number listed on the docket as a courtesy, but was unable to reach him. Mar. 9, 2020, Ct. Order, ECF No. 34.

[6] In addition, a copy of the Court's March 9, 2020, Order, that was sent to plaintiff's 717 Snediker Avenue address was returned as refused. ECF No. 41.

[7] Plaintiff was also directed to provide his telephone number if he had one. May 5, 2020, Ct. Order, ECF No. 40.

to plaintiff at both 717 Snediker Avenue and also 219 East 121st Street.[8] The June 30, 2020, deadline has passed, and plaintiff has failed to respond to the Court's May 5, 2020, Order, ECF No. 40, to date.

## DISCUSSION

Rule 41(b) authorizes the district court to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) [] gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.") (citation omitted).

This case cannot proceed without plaintiff's current contact information. See Edwards v. Stevens, No. 11 Civ. 7329 (PKC) (JLC), 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) ("[T]he demand that [a] plaintiff[] provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.") (internal quotation marks and citations omitted).[12] Indeed, because an action cannot proceed without the Court knowing plaintiff's current address, courts have repeatedly held that a plaintiff's failure to maintain a current address with the Court is a sufficient ground to dismiss a case without prejudice for failure to prosecute. See, e.g., Pratt v. Behari, No. 11 Civ. 6167, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012); Torres v. Yonkers Police Dept., No. 11 Civ. 1819 (LTS) (GWG), 2011 WL 2555854, at *2 (S.D.N.Y. June 28, 2011) ("[B]ecause dismissal with prejudice is a harsh

---

[8] Although the copy of the Court's May 5, 2020, Order that was sent to plaintiff at the 219 East 121st Street address was returned as undeliverable, see ECF No. 42, the copy of the Court's May 5, 2020, Order sent to plaintiff at the 717 Snediker Avenue address has not been returned as undeliverable to date.

[12] All plaintiffs, whether represented or proceeding *pro se*, are "obligated to notify the court when [they] change[] addresses." Canario-Duran v. Borecky, No. 10-CV-1736 (DLI) (LB), 2011 WL 176745, at *1 (E.D.N.Y. Jan. 19, 2011) (citing Concepcion v. Ross, No. 92-CV-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997)).

remedy to be utilized only in extreme situations, dismissal of the complaint should be without prejudice.") (internal quotation marks and citations omitted) (collecting cases).

This is plaintiff's case to vindicate his rights, and it is plaintiff's obligation to notify the Court regarding his current contact information. Yet, plaintiff has not contacted the Court regarding this case since October 23, 2018, see ECF No. 29, and he failed to respond to the Court's Order, ECF No. 40, to provide the Court with his mailing address by June 30, 2020. Plaintiff has made no effort to prosecute this case and has apparently abandoned the action. It would be futile to allow the case to continue. I therefore recommend that plaintiff's action should be dismissed without prejudice.[13]

---

[13] The Court notes that under LeSane, "a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard…and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane, 239 F.3d at 209 (internal quotation marks and citations omitted). The District Court need only provide an explanation for the dismissal rather than discuss all of the LeSane factors. See Edwards, 2012 WL 3597663, at *2 (citing Torres, 2011 WL 2555854, at *2) ("While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal.") (internal citations omitted)). Here, plaintiff has not contacted the Court since October 23, 2018. Plaintiff is aware that he must provide the Court with current contact information. See ECF No. 29 (informing the Court of plaintiff's change of address). See also Dec. 15, 2016, Ct. Order, ECF No. 4 ("[I]t is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so."). Furthermore, my Order explicitly warned plaintiff that, "if he fails to respond to the Court's Order by June 30, 2020, I will assume that he has abandoned this action and I shall recommend that this case should be dismissed." May 5, 2020, Ct. Order, ECF No. 40. See also Sept. 25, 2018, Ct. Order (reminding plaintiff of his obligation to notify the Court regarding his contact information and warning of potential dismissal). Any lesser sanction would be futile as plaintiff has apparently abandoned the case.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute. The Court adjourns all deadlines in this case pending the Court's consideration of this Report.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 152 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 14, 2020
       Brooklyn, New York